BAR/JAR: USAO 2025R00411

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-25-249 |
| | * | |
| WESLEY BEST and | * | (Conspiracy to Interfere with |
| DANICO RUSSELL, | * | Interstate Commerce by Robbery, |
| | * | 18 U.S.C. § 1951(a); Interference with |
| Defendants | * | Interstate Commerce by Robbery, |
| | * | 18 U.S.C. § 1951(a); Use, Carry, and |
| | * | Brandish a Firearm During and in |
| | * | Relation to a Crime of Violence, |
| | * | 18 U.S.C. § 924(c)(1)(A); Aiding and |
| | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * | 18 U.S.C. §§ 924(d) and 981(a)(1)(C), |
| | * | 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Interfere with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland charges that:

At all times material to the Indictment:

### Introduction

1. The defendants, **WESLEY BEST** and **DANICO RUSSELL**, were residents of Maryland.

### Business Victims

2. Business 1 was a bank located at 15785 Livingston Rd., Accokeek, Maryland, 20607. Business 1 was a branch of a multinational bank, headquartered in Charlotte, North Carolina, whose deposits were insured by the Federal Deposit Insurance Corporation, and engaged in interstate and foreign commerce.

3. Business 2 was a multinational ATM managed services provider, headquartered in Richmond, Virginia, that had operations located throughout Maryland and other states, and engaged in interstate and foreign commerce.

### Individual Victims

4. Victim 1 was an employee of Business 2 who was servicing Business 1 in Accokeek, Maryland.

### The Conspiracy

5. In or around February 2025, in the District of Maryland, and elsewhere, the defendants,

**WESLEY BEST and
DANICO RUSSELL,**

and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to obstruct, delay, and affect commerce and the movement of an article and commodity in commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, by the unlawful taking of property, including, among other items, United States currency, from the person and presence of a Victim 1—an employee of Business 2—against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim 1.

### Object of the Conspiracy

6. It was the object of the conspiracy to obtain U.S. currency contained in the ATM located at Business 1 located at 15785 Livingston Rd, Accokeek, Maryland, 20607.

### Manner and Means of the Conspiracy

It was part of the conspiracy that:

7. **BEST** and **RUSSELL** planned to rob Business 1's ATM when it was being serviced.

8. **BEST** and **RUSSELL** obtained and possessed items to be used to facilitate the robbery, including a motor vehicle, masks, and firearms.

9. **BEST** and **RUSSELL** accosted Victim 1 when robbing Business 1's ATM and stole U.S. currency from Victim 1, through the use and threat of physical force.

10. **BEST** and **RUSSELL** carried and brandished firearms during and in relation to their robbery of Business 1's ATM.

18 U.S.C. § 1951(a)

## COUNT TWO
### (Interference with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 4 and 6 through 10 of Count One are hereby incorporated by reference as though fully set forth herein.

2. On or about February 11, 2025, in the District of Maryland, the defendants,

**WESLEY BEST and
DANICO RUSSELL,**

did knowingly and unlawfully obstruct, delay, and affect commerce by robbery, as those are defined in 18 U.S.C. § 1951, in that the defendants did unlawfully take and obtain property—that is, approximately $368,000 in United States currency—from the person and in the presence of Victim 1, an employee of Business 2, by means of actual and threatened force, violence, and fear of injury, immediate and future, to Victim 1.

18 U.S.C. § 1951
18 U.S.C. § 2

## COUNT THREE
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 4 and 6 through 10 of Count One are hereby incorporated by reference as though fully set forth herein.

2. On or about February 11, 2025, in the District of Maryland, the defendants,

**WESLEY BEST and
DANICO RUSSELL,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), as charged in Count Two of this Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(i) and (ii)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further alleges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions of any of the offenses set forth in Counts One through Three of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense set forth in Counts One through Three of this Indictment, the defendants,

**WESLEY BEST and**
**DANICO RUSSELL,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense, including, but not limited to a Century Arms Micro Draco 7.62x39mm handgun, bearing serial number 22PMD31776.

### Robbery Forfeiture

3. Upon conviction of any of the offense set forth in Count One through Three of this Indictment, the defendants,

**WESLEY BEST and**
**DANICO RUSSELL,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

### Substitute Assets

4. If, as a result of any act or omission of the defendants, any of the property described above as being subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty,

pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the United States shall be entitled to forfeiture of substitute property of the defendant up to the value of the forfeitable property described above.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes / BAR* (signed)
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: August 14, 2025